Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DANIEL, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BLAIZE HOLDINGS, INC., DINAKAR MUNAGALA, and HARMINDER SEHMI,<br><br>    Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Christopher Daniel ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of

- 1 -

the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Blaize Holdings, Inc. ("Blaize" or the "Company"), analysts' reports and advisories about the Company, and other information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired publicly traded Blaize securities between July 18, 2025 and April 28, 2026, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. [1]

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

---

[1] Unless otherwise stated, all emphasis is added and internal citations are omitted.

- 2 -

Class Action Complaint for Violation of the Federal Securities Laws

3.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.     Venue is proper in this District pursuant to § 27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as the alleged misstatements entered and the subsequent damages took place in this judicial district.

5.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.     Plaintiff, as set forth in the accompanying Certification, purchased the Company's securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7.     Defendant Blaize describes itself as a "leader in programmable, energy-efficient edge AI computing[.]" Further, Blaize claims to deliver the following:

[A] a programmable AI platform, purpose-built for AI inference workloads in real-world environments. Its Hybrid AI architecture combines the Blaize GSP (Graph Streaming Processor), an efficient AI processor, with GPU-based infrastructure, enabling AI inference workloads to run across edge, cloud, and data center. Blaize solutions support computer vision, multimodal AI, and

- 3 -

Class Action Complaint for Violation of the Federal Securities Laws

sensor-driven applications across smart cities, industrial automation, telecommunications, retail, logistics, and defense.

8.    The Company is incorporated in Delaware, and its principal executive offices are located at 4659 Golden Foothill Parkway, Suite 206, El Dorado Hills, CA. The Company's common stock trades on The Nasdaq Stock Market (the "NASDAQ") under the ticker symbol "BZAI".

9.    Defendant Dinakar Munagala ("Munagala") co-founded Blaize and served as CEO at all relevant times.

10.    Defendant Harminder Sehmi ("Sehmi") served as Chief Financial Officer ("CFO") at all relevant times.

11.    Defendants Munagala and Sehmi are sometimes referred to herein as the "Individual Defendants."

12.    Each of the Individual Defendants:

(a)    directly participated in the management of the Company;

(b)    was directly involved in the day-to-day operations of the Company at the highest levels;

(c)    was privy to confidential proprietary information concerning the Company and its business and operations;

- 4 -

Class Action Complaint for Violation of the Federal Securities Laws

(d)    was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)    was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)    was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)    approved or ratified these statements in violation of the federal securities laws.

13.    The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

14.    The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

15.    The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

Class Action Complaint for Violation of the Federal Securities Laws

**False and Misleading Statements**

16.     On July 17, 2025, Blaize issued a press release entitled "Blaize Secures Contract to Deliver Scalable Hybrid AI Infrastructure Across Asia." The press release stated that Blaize "today announced that its hybrid AI platform will be deployed in collaboration with Starshine Computing Power Technology Limited ("Starshine"), a provider of AI infrastructure solutions in Asia, with the initial phase beginning in fiscal Q3 2025 and continuing through 2026."

17.     The press release stated the following:

Real -time, localized AI is no longer optional – it's foundational. As countries across APAC invest in AI infrastructure to strengthen their economies, manage urban growth, and address climate resilience, scalable hybrid systems are emerging as the new standard. ***The collaboration between Blaize and Starshine will work to efficiently drive real-world hybrid AI deployment across Asia through scalable infrastructure, powering smart cities, industrial automation, and intelligent public services.***

***The agreement carries a minimum value of $120 million in revenue over the initial 18-month term and will initially focus on opportunities to deploy Blaize's hybrid AI solutions for smart city applications***. Blaize and Starshine will also accelerate software development to expand into additional industries.

- 6 -

Class Action Complaint for Violation of the Federal Securities Laws

Deployments will target key countries, including India, Indonesia, Japan, South Korea, and China, with use cases aligned to their AI infrastructure priorities.

18.   The statements in ¶ 17 were materially false and misleading at the time they were made because Starshine does not appear to create any actual proprietary products.

19.   The press release further quoted defendant Munagala as saying the following:

This is the beginning of real-world AI infrastructure at scale[.] Asia represents a $112B opportunity for next generation intelligent systems, and inference is leading the charge. Our hybrid AI platform is designed to deliver the efficiency, flexibility, power, and support for multimodal workloads to meet this surge, especially at the edge. ***Together with Starshine, we're providing sovereign-grade infrastructure where programmable, energy-efficient inference becomes the backbone of smart cities, industrial environment, and public services***.

20.   The statement in ¶ 19 were materially false and misleading at the time they were made because Starshine does not appear to create any actual proprietary

Class Action Complaint for Violation of the Federal Securities Laws

products, and Blaize also appears to photoshop its logo onto products created by other organizations.

21.     On April 14, 2026, Blaize issued a press release entitled "Blaize Announces Expected First Quarter 2026 Revenue and Newly Awarded Contract with NeoTensr Anticipated to Generate $50.0 Million in Revenue" (the "April 14 Press Release").

22.     The April 14 Press release stated that Blaize was announcing "expected revenue for the first fiscal quarter ending March 31, 2026, *and a newly awarded contract with NeoTensr, a system integrator and software company, expected to generate $50.0 million in revenue*, following last week's previously announced launch of Blaize AI Services."

23.     The statement in ¶ 22 was materially false and misleading at the time it was made because NeoTensr is a newly created entity that appears to have almost no assets and likely does not create or offer any actual proprietary products or services. As such, Blaize had no reasonable basis to represent that the contract would be expected to generate $50.0 million in revenue.

24.      The April 14 Press Release stated the following in part:

Blaize also announced today that it has entered into a new contract with NeoTensr for up to $50.0 million in revenue within the first year of the agreement, with fulfillment expected to begin in the second quarter. ***This is in***

Class Action Complaint for Violation of the Federal Securities Laws

*addition to over $20.0 million in revenue that Blaize recognized from a NeoTensr order in the fourth quarter of 2025*.

25.     The statement in ¶ 24 was materially false and misleading at the time it was made because it is inconceivable that Blaize could have achieved $20 million in revenue from a NeoTensr order in the fourth quarter of 2025, considering that NeoTensr was incorporated in late December of 2025 and self-reported in a local government form an unverified figure of about $2 million in assets. Tellingly, Blaize did not respond to allegations that it could not have generated $20.0 million in revenue from NeoTensr in the fourth quarter of 2025.

26.     On April 16, 2026, Blaize issued a press release entitled "Blaize and NeoTensr Enter into Contract for Up to $50M to Deploy Co-Branded AI Edge Data Center Infrastructure Across Asia Pacific." (the "April 16 Press Release"). The April 16 Press Release stated that Blaize and Neotensr "today announced an up to $50.0 million contract to jointly develop and deploy co-branded AI edge data center infrastructure targeting the rapidly growing compute market across the broader Asia Pacific region." Further, the April 16 Press Release stated that the "agreement marks a significant escalation of the two companies' partnership, which generated over $20.0 million in revenue for Blaize in Q4 2025, *bringing the total potential contracted value between Blaize and NeoTensr up to $70 million*."

Class Action Complaint for Violation of the Federal Securities Laws

27. The statements in ¶ 26 were materially false and misleading for the reasons stated in ¶ 23.

28. The April 16 Press Release further stated:

*The Blaize solution is built around a co-branded AI server based on Blaize's quad card configuration. Each server is capable of handling 200+ simultaneous camera streams with advanced AI analytics, purpose-built for smart city surveillance, industrial automation, logistics, retail intelligence, and security applications common in large-scale urban edge deployments.*

*What distinguishes this deployment from conventional edge AI is the breadth of the Blaize Hybrid AI architecture.* Leveraging the combination of Blaize's Graph Streaming Processor (GSP) and GPU infrastructure, NeoTensr's edge data centers will be capable of running not only real-time computer vision workloads, but also advanced data analysis powered by state-of-the-art Large Language Models (LLMs) and Vision Language Models (VLMs) — all within the same edge infrastructure.

This hybrid approach enables NeoTensr to offer customers a single, unified AI platform that spans real-time perception at the edge and sophisticated reasoning and analytics — a critical competitive advantage as enterprise customers demand more intelligent, responsive systems without routing data to distant cloud infrastructure.

Class Action Complaint for Violation of the Federal Securities Laws

29.    The statements in ¶ 28 were materially false and misleading at the time they were made because they materially overstated Blaize's technological ability, considering that, as discussed below, it appears to photoshop its logo onto products created by other companies.

30.    The statements referenced in ¶¶ 17, 19, 22, 24, 26, and 28 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Blaize announced transactions with entities wholly unequipped to conduct meaningful business in order to create an appearance of growth; (2) Blaize improperly recognized revenue; and (3); as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

## The Truth Begins to Emerge

31.    On April 28, 2026, Pelican Way Research ("Pelican") published a report entitled "Blaize AI: Running Up The Share Price Based on a Seemingly Bogus Deal, Conveniently Timed for Massive Dilution" (the "Report").

32.    In the Report, Pelican announced in part that:

- 11 -

Class Action Complaint for Violation of the Federal Securities Laws

We are short Blaize AI because we believe they have artificially boosted their share price by engaging in a bogus deal **with a 4-month-old counterparty whose website features "products" that appear to be photoshopped to add the Blaize logo**.  [. . .]

\*        \*        \*

On April 16th, Blaize announced a deal with NeoTensr which is supposedly for up to ~$50mm which is set to deploy co-branded AI edge data center infrastructure. This announcement sent the stock price soaring ~25% since the announcement. We believe the deal is total bullshit. **In our research, we found that the website of NeoTensr was registered just a few months ago in December 2025. We find it rather convenient that a brand-new entity is doing a lifesaving deal with Blaize**. We also discovered that, **according to Chinese filings, NeoTensr claims to have just ~$2mm of startup capital. The supposed ~$2mm is also a self-reported number**. We think it is entirely possible NeoTensr has no money.

33.    In the Report, Pelican further stated the following:

We conducted a review of the entity associated with the deal (NeoTensr) and our diligence indicates that Blaize appears to have yet again done a deal with an entity that seems to have just materialized out of thin air. Within the PR [announcing the deal], there is a link to the NeoTensr website, **we checked the**

- 12 -

Class Action Complaint for Violation of the Federal Securities Laws

*WhoIs data for the NeoTensr website and found that the domain was registered on December 18th, 2025, just a few months before this supposed deal was announced. In review, the timing appears highly suspicious.*

34.    The Report further included the following image:

35.    The Report further stated that "[w]e are unsure how Blaize can have a [$70 million] partnership with a company whose website was registered just a few months ago." Further, "[a]fter pulling these Chinese entity records, we found out that the entire NeoTensr company was incorporated just a few days after the website was put up, on December 22nd, 2025." The Report then included the following image:

- 13 -

Class Action Complaint for Violation of the Federal Securities Laws



36.     Pelican's Report also stated the following:

***We also noticed that, according to the filings we pulled; NeoTensr reported having just ~$2mm (~15mm RMB) in startup capital, although none of the capital is verified and this could simply just be a number they wrote down***. We are unsure how a company with a few paltry million is going to be able to do anywhere near a $70mm deal with anyone, let alone Blaize.

37.     The Report then included the following image:



Calculation is: 1500x10,000 RMB = 15mm RMB (~$2mm)

38.     Pelican further stated the following:

Class Action Complaint for Violation of the Federal Securities Laws

***During our diligence process, we took a dive into the NeoTensr product pages, and our analysis indicates that they showcase products made by other companies with the NeoTensr and Blaize logo photoshopped onto them***. For example, the NEO MES 1L-E on the NeoTensr website appears to simply be nothing more than an AIC storage server. The fake product gimmick is a hallmark of the classic "China hustle[.]" ***To clarify, we believe they may be buying third party hardware and slapping both the Blaize and NeoTensr logo on***.

39. The Report then showed the following images:


Blaize NEO MESH 1L-E




AIC OB127-LX



Source: Top: Blaize NEO MESH 1L-E Bottom: storagereview.com

[10] Maybe it wasn't photoshopped, it may be a sticker, but we believe either way it's not their product.

40. The Report further stated in part about Blaize having a history of similar questionable deals:

- 15 -

Class Action Complaint for Violation of the Federal Securities Laws

***Blaize appears to have a history of seemingly fake deals***. Last year, Blaize announced a deal with Starshine Computing. This deal had all the hallmarks of being a fantasy, and which tactics also seem to appear in the deal with NeoTensr. ***We discovered Starshine has stock photos all across their website and has seemingly ripped off other companies' products, including a gaming PC***. Starshine's domain was conveniently registered a few weeks prior to the deal, notably it has only paid ~$1.6mm to Blaize of a supposed ~$120mm deal. We think the only real difference between the Starshine deal and the NeoTensr deal is that Blaize waited an extra few months after the domain was registered to release the PR.

41.    The Report further stated the following about how Blaize had not collected meaningful revenues from a previous deal that was alleged to have been faked, similar to the  deal with NeoTensr:

This is not the first time Blaize has done seemingly fake deals. In 2025, [a report was issued about Blaize in which it was pointed out that] a supposed ~$120mm deal with Starshine Computing had similar tactics and we believe was likely fake. According to the report, ***Starshine's website was registered less than two weeks before the PR and noting that Starshine's website was seemingly chock full of stock images, as well as showing that the products mentioned may have been fake***. Since then, Blaize has been unable to collect

Class Action Complaint for Violation of the Federal Securities Laws

on its account receivables from the deal with a brief excerpt in the 10K stating that Starshine has initiated one purchase order to Blaize in 3Q25, and has paid $1.6mm in regard to its accounts receivable and the remainder of the $8.8mm remains outstanding as of March 24th, 2026.

42.     The Report then said, "[t]o highlight the similarities, here are some of the products the old deal (starshine) seemingly ripped off", and showed the following images:



Starshine Website



Atomic LUX Gaming PC



Starshine Website



Cloudprime Server

43.     The Report stated that "[a]t the end of the day, we believe that it's very clear what is happening. ***Blaize put out yet another sketchy deal that has driven up the stock and can now capitalize on the hype***." Further, "[w]e believe that Blaize ***is***

Class Action Complaint for Violation of the Federal Securities Laws

*in-effect just another China hustle which has been swindling unsophisticated investors who wish to take part in the AI trade*."

44.    The Report further stated the following and showed the following image:

During our due diligence process, *we discovered a PR which makes us question the entirety of Blaize's revenue base*. On April 14th, Blaize released a PR announcing their expected revenues in 1Q26. *Within this PR, Blaize stated that they recognized $20mm in revenues from NeoTensr during 4Q25*.

> **Business Updates**
>
> Blaize also announced today that it has entered into a new contract with NeoTensr for up to $50.0 million in revenue within the first year of the agreement, with fulfillment expected to begin in the second quarter. This is in addition to over $20.0 million in revenue that Blaize recognized from a NeoTensr order in the fourth quarter of 2025.

*We wonder how NeoTensr could purchase $20mm from Blaize in the last few weeks of the 2025 fiscal year when at the date of NeoTensr's incorporation (December 22nd) they claimed just $2mm in cash. Blaize revenue recognition policy indicates that they do not book revenue from hardware until the product is transferred*. We have two main questions: How on earth could this deal have been done on time? How much of this deal was vetted by the auditor?

45.    On this news, the price of Blaize stock fell by $0.26 per share, or 12.03%, to close at $1.90 on April 28, 2026.

Class Action Complaint for Violation of the Federal Securities Laws

46.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

47.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the publicly traded securities of the Company during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

48.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, the Company's securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency

- 19 -

Class Action Complaint for Violation of the Federal Securities Laws

of this action by mail, using the form of notice similar to that customarily used in securities class actions.

49.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

50.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

51.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements

Class Action Complaint for Violation of the Federal Securities Laws

made, in light of the circumstances under which they were made, not misleading;

- whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

- whether the prices of the Company's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

52.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

53.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

Class Action Complaint for Violation of the Federal Securities Laws

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- the Company's securities are traded in efficient markets;

- the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold the Company's securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

54. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

55. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants

- 22 -

Class Action Complaint for Violation of the Federal Securities Laws

omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

56.　Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

57.　This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

58.　During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

59.　The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

Class Action Complaint for Violation of the Federal Securities Laws

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of the Company's securities during the Class Period.

60.    The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

61.    During the Class Period, Defendants acted with scienter in that they knew or otherwise were deliberately reckless in not knowing that the public

Class Action Complaint for Violation of the Federal Securities Laws

statements disseminated on behalf of Blaize materially false and misleading at the time they were made, as a result of the fact that NeoTensr and Starshine did not conduct meaningful business operations at the time Blaize represented that the deals with these companies would generate $50 million and $120 million in respective revenues. Defendants had actual knowledge of, or access to, non-public information concerning the fact that NeoTensr and Starshine did not conduct meaningful business operations. To date, Blaize has not provided a competing inference by responding to any aspect of the Report. Defendants have not provided any further assurances that Blaize in fact generated $20 million in revenue from its deal with NeoTensr in Q4 2025, which was alleged to be false. Further corroborating the Report's allegations, in Blaize's annual report, filed with the SEC on March 24, 2026, it was revealed that Starshine "initiated one purchase order to us in the third quarter of 2025 for $10.4 million[, but] *Starshine paid $1.6 million to us in regards to its account receivable, and the remainder of $8.8 million of its account receivable remains outstanding*[.]" Further, the Company revealed that "[a]s of March 24, 2026, *we have not received any further purchase orders from Starshine*." The size of Starshine's lone purchase order, and that much of it remains outstanding, further supports the allegation that Defendants were reckless in ascribing a "minimum" value to this deal of $120 million.

Class Action Complaint for Violation of the Federal Securities Laws

62.     Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

63.     As a result of the foregoing, the market price of the Company's securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of the Company's securities during the Class Period in purchasing the Company's securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

64.     Had Plaintiff and the other members of the Class been aware that the market price of the Company's securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased the Company's securities at the artificially inflated prices that they did, or at all.

- 26 -

Class Action Complaint for Violation of the Federal Securities Laws

65.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

66.     By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of the Company's securities during the Class Period.

## COUNT II

**Violation of Section 20(a) of The Exchange Act**
**Against The Individual Defendants**

67.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68.     During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

69.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct

Class Action Complaint for Violation of the Federal Securities Laws

promptly any public statements issued by the Company which had become materially false or misleading.

70.   Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of the Company's securities.

71.   Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

Class Action Complaint for Violation of the Federal Securities Laws

72.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Date:    08/04/2026

Respectfully submitted,
 /s/ Laurence M. Rosen, Esq.
**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450

Class Action Complaint for Violation of the Federal Securities Laws

Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

Class Action Complaint for Violation of the Federal Securities Laws